## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

ANTHONY MARKEL,                                        Court File No.: 0:17-cv-1790

          Plaintiff,

v.

DOUGLAS TECHNOLOGIES
GROUP, INC., a California corporation,
d/b/a DOUGLAS WHEEL TECHNOLOGIES,

          Defendant.

_____

## COMPLAINT AGAINST
## DOUGLAS TECHNOLOGIES GROUP, INC.
## d/b/a DOUGLAS WHEEL TECHNOLOGIES
## (JURY TRIAL DEMANDED)

_____

Anthony Markel, as and for his Complaint against Douglas Technologies Group, Inc., alleges as follows:

### THE PARTIES

1. Plaintiff Anthony Markel is a U.S. Citizen and resident of the State of Minnesota, with a principal place of residence in the City of Harris, County of Chisago, State of Minnesota.

2. Upon information and belief, Defendant Douglas Technologies Group, Inc. d/b/a Douglas Wheel Technologies (hereinafter "DWT") is a California Corporation with its principal place of business in the City of Vista, County of San Diego, State of California.

## JURISDICTION

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Plaintiff and Defendant.

4. This Court has personal jurisdiction over the Defendant pursuant to Minn. Stat. § 543.19, because, *inter alia*, the Defendant transacts business in the State of Minnesota.

5. This case is properly assigned to the Fifth Division, because the occurrence and injury complained of took place in the City of Ogilvie, County of Kanabec, State of Minnesota.

## FACTS

6. On June 16, 2013 Plaintiff Anthony Markel was the owner of a Honda TRX 450R all-terrain-vehicle (ATV).

7. On June 16, 2013 Plaintiff Anthony Markel's ATV was equipped with a Sport Blue Label right rear wheel rim manufactured by Defendant DWT.

8. On June 16, 2013 Plaintiff Anthony Markel was operating his ATV in an amateur "flat track" ATV race when the wheel rim manufactured by Defendant DWT cracked between the lug-nut holes and the axel hole causing the wheel to come off of the ATV and Plaintiff's ATV to roll, thereby resulting in severe and multiple spinal and other fractures, head injuries, and internal injuries to Plaintiff Anthony Markel.

## COUNT I: PRODUCTS LIABILITY

9. Plaintiff Anthony Markel incorporates the allegations contained in Paragraphs 1 through 8, inclusive, as though set forth fully in Count I.

10. The said wheel rim designed and manufactured by Defendant DWT was defectively designed and manufactured in that it is and was unsafe for use as an ATV wheel rim because Defendant DWT knew, or should have known, that there existed a large second-hand market for ATVs, wheel rims and other parts, and knew, or should have known, that a user of its product would be likely to use it for amateur racing and off road activities.

11. Defendant DWT knew, or should have known, that the spacing of the lug nut holes from margin (i.e. center hole) did not conform to sound engineering practice as it did not have adequate material carrying the load in shear between the lug nut hole and the center hole.

12. The said wheel rim was defective when it left the control of Defendant DWT.

13. At the time of the injury, Plaintiff Anthony Markel was using the product in a fashion for which the product was intended or for which Defendant DWT could have reasonably expected the product to be used.

14. The said wheel rim was intended to and did in fact reach Plaintiff Anthony Markel without any modification to the said wheel rim.

15. Plaintiff Anthony Markel, by exercise of reasonable care, could not have detected or discovered the defect.

16. The defect caused the injuries to Plaintiff Anthony Markel.

18. As a direct and proximate result of the injuries sustained, Plaintiff Anthony Markel has in the past and will in the future incur medical expenses for the treatment of

his injuries, has in the past and will in the future sustain a loss of earning and loss of earning capacity, and has in the past and will in the future suffer physical and mental pain and anguish, all to his loss in an amount exceeding $75,000.

## COUNT II: FAILURE TO WARN

19.     Plaintiff Anthony Markel incorporates the allegations contained in Paragraphs 1 through 18, inclusive, as though set forth fully in Count II.

20.     Defendant DWT owed a duty of care to all users of the product, including Plaintiff Anthony Markel, to provide adequate warnings and instructions for its products.

21.     Defendant DWT breached its duty to Plaintiff Anthony Markel by failing to reasonably and adequately warn any and all users of the product of the danger of the metal between the lug nut holes and the center hole shearing under load.

22.     Plaintiff Anthony Markel, with the exercise of reasonable care, could not have perceived the danger of the metal between the lug-nut holes and the center hole shearing under load.

23.     As a direct and proximate result Defendant DWT's failure to warn Plaintiff Anthony Markel, Plaintiff Anthony Markel has in the past and will in the future incur medical expenses for the treatment of his injuries, has in the past and will in the future sustain a loss of earning and loss of earning capacity, and has in the past and will in the future suffer physical and mental pain and anguish, all to his loss in an amount exceeding $75,000.

## COUNT III: BREACH OF WARRANTY

24.     Plaintiff Anthony Markel incorporates the allegations contained in

Paragraphs 1 through 23, inclusive, as though set forth fully in Count III.

25.  As part of Defendant DWT's sale of said wheel rim, an implied term was that the wheel rim would be fit for the ordinary purpose for which an ATV wheel rim is used and for which Defendant DWT advertises and markets its products.

26.  The purposes include removing and exchanging wheel rims, racing formally or informally, and general recreational off-road uses of an ATV.

27.  The said wheel rim could not be used safely under any circumstances.

28.  Plaintiff Anthony Markel relied upon implied warranties that the said wheel rim was of merchantable quality in that it conformed to ordinary standards of care and was of an average grade, quality and value of similar products, and among other things, that it could be used in the normal fashion for which Defendant DWT knew, or should have known, that an ATV wheel rim would be used for.

29.  These warranties were breached by Defendant DWT in that the wheel rim could not safely be used in the normal fashion for such wheel rims, and as a direct and proximate result thereof Plaintiff Anthony Markel has in the past and will in the future incur medical expenses for the treatment of his injuries, has in the past and will in the future sustain a loss of earning and loss of earning capacity, and has in the past and will in the future suffer physical and mental pain and anguish, all to his loss in an amount exceeding $75,000.

## COUNT IV: NEGLIGENCE

30.  Plaintiff Anthony Markel incorporates the allegations contained in Paragraphs 1 through 29, inclusive, as though set forth fully in Count IV.

31. Defendant DWT was negligent in the design, testing, inspection, manufacture, distribution, labeling, sale and promotion of the said wheel rim. Specifically, among other things, the wheel should not have been designed and manufactured contrary to sound engineering practices of making certain that there was adequate material carrying the load in shear between the lug-nut hole and the center hole for safe use of the wheel rim.

32. The injuries sustained by Plaintiff Anthony Markel were solely the result of the negligence of Defendant DWT, and Plaintiff Anthony Markel in no way contributed thereto.

33. As a direct and proximate result of the negligence of Defendant DWT, Plaintiff Anthony Markel has in the past and will in the future incur medical expenses for the treatment of his injuries, has in the past and will in the future sustain a loss of earning and loss of earning capacity, and has in the past and will in the future suffer physical and mental pain and anguish, all to his loss in an amount exceeding $75,000.

## COUNT IV: POST-SALE DUTY TO WARN

34. Plaintiff Anthony Markel incorporates the allegations contained in Paragraphs 1 through 33, inclusive, as though set forth fully in Count IV.

35. Defendant DWT had a continuing post-sale duty to instruct and to warn of the danger which caused Plaintiff Anthony Markel's injuries herein, so that users of the said wheel rim, including Plaintiff, would be apprised of safety hazards, even if such hazards at an earlier time would not have been fully appreciated.

36. Prior to the occurrence of June 16, 2013, and for many years prior thereto,

Defendant DWT knew, or should have known, that its wheel rims would be sold and re-sold on used ATVs, or as used equipment, and knew or should have known that the failure to design the wheel with adequate material carrying the load in shear between the lug-nut holes and center hole, could result in serious injury to the user.

37. Defendant DWT breached its post-sale duty to instruct and warn by failing to reasonably instruct and warn users of the product, including Plaintiff.

38. As a direct and proximate result of Defendant DWT's failure to warn post-sale, Plaintiff Anthony Markel has in the past and will in the future incur medical expenses for the treatment of his injuries, has in the past and will in the future sustain a loss of earning and loss of earning capacity, and has in the past and will in the future suffer physical and mental pain and anguish, all to his loss in an amount exceeding $75,000.

## **JURY DEMAND**

39. Plaintiff Anthony Markel demands a trial by jury.

WHEREFORE, Plaintiff Anthony Markel prays for judgment against Defendant DWT as follows:

> (1) Judgment in favor of Plaintiff, and each of them, and against Defendant in an amount greater than $75,000.
>
> (2) Plaintiff's costs, disbursements, and pre- and post-judgment interest herein.
>
> (3) Any other relief which the Court deems just and proper.

                    TEWKSBURY & KERFELD, P.A.

Dated: May 30, 2017        s/ Gregory N. Bittle
                                   Keith J. Kerfeld (#0143066)
                                   Gregory N. Bittle (#0389099)
                                   Attorneys for Plaintiff
                                   88 South Tenth Street, Suite 300
                                   Minneapolis, MN 55403
                                   Phone: (612) 334-3399
                                   Email: kkerfeld@tkz.com / gbittle@tkz.com